IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| JOE AND TONYA FOWLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-cv-00183-HLM-WEJ |
| | ) | |
| MNS & ASSOCIATES, a New York limited liability company; and MICHAEL SHAW, JR., individually, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiffs, JOE AND TONYA FOWLER (Plaintiffs), through their attorney, HORMOZDI LAW FIRM, LLC, alleges the following against Defendants, MNS & ASSOCIATES, LLC, a New York limited liability company; and MICHAEL SHAW, JR., individually (collectively, "Defendants"):

**INTRODUCTION**

1. Plaintiff's First Amended Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k of the FDCPA.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in the Rome, Floyd County, Georgia.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant, MNS & ASSOCIATES, LLC, is a New York based debt collection agency with its principal place of business located at 3960 Harlem Road, Buffalo, New York 14226.

11. Defendant, MICHAEL SHAW, JR., is the principal, Chief Executive Officer, and member of MNS & Associates, LLC, with a business address of 3960 Harlem Road, Buffalo, New York 14226.

12. Defendant is a business entity engaged in the collection of debt within the State of Georgia.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp.2d 1051 (C.D. Cal. 2009); See also, *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008).

18. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D. NY 1994); *Del Campo v. Kennedy*, 491 F. Supp 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F.Supp.2d 389 (E.D. PA 2004); *Brink v. First Credit Res.*, 57 F.Supp.2d 848 (D.AR 1999); *Pikes v. Riddle*, 38 F.Supp2d 639 (N.D. IL 1998); *Ditty v. CheckRite*, 973 F.Supp. 1354 (D. Utah 1997).

**JOE AND TONYA FOWLER v. MNS & ASSOCIATES, LLC**

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff JOE FOWLER.

20. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

21. In or around March, 2015, Defendant began placing collection calls to Plaintiffs' cellular telephones at 706-766-32XX and 706-766-34XX.

22. Defendant calls Plaintiff from an unknown number.

23. In or around March, 2015, Plaintiff answered one of Defendant's telephone calls and spoke

with one of Defendant's collectors.

24. During the aforementioned conversation, Defendant's collector threatened to garnish Plaintiff's wages if she did not pay the alleged debt.

25. After Defendant spoke with Plaintiff regarding the alleged debt, Defendant also called Plaintiff JOE FOWLER'S parents at 706-295-20XX.

26. During Defendant's conversation with Plaintiff's parents, Defendant's collector disclosed the alleged debt to Plaintiff's parents.

27. If Plaintiff's debt is owed at all, it was incurred in the year 1998.

28. The statute of limitations on a written contract in Georgia is six (6) years.

29. Defendant is attempting to collect a debt on which the statute of limitations has expired.

30. Defendant's collectors did not inform Plaintiff that his debt is time-barred.

31. Defendant's collectors did not disclose the date of the transaction giving rise to the claimed debt.

32. It is the policy and practice of Defendant to attempt to collect time-barred debts without disclosing the fact that they are time-barred.

33. It is the policy and practice of Defendant to attempt to collect time-barred debts without disclosing the dates of the transactions giving rise to the debts.

34. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm). The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it

disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

### JOE AND TONYA FOWLER v. MICHAEL SHAW, JR.

35. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-34 herein, with the same force and effect as if the same were set forth at length herein.

### COUNT I
### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

36. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692b(2) of the FDCPA by communicating with any person other than the consumer and stating that the consumer owes any debt, when Defendant contacted Plaintiff's parents and disclosed information regarding the debt after speaking with Plaintiff;

   b. Defendant violated §1692c(b) of the FDCPA by communicating without the prior consent of the consumer, in connection with the collection of any debt, with any person other than the consumer, when Defendant contacted Plaintiff's parents and disclosed information regarding the debt after speaking with Plaintiff;

   c. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant contacted Plaintiff's parents and disclosed information regarding the debt after speaking with Plaintiff, when Defendant threatened to garnish Plaintiff's wages if Plaintiff did not pay the alleged debt, and when Defendant attempted to collect a time-barred debt without

disclosing to Plaintiff that the debt was past the statute of limitations;

d. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt, by attempting to collect a time-barred debt from Plaintiff;

e. Defendant violated §1692e(2) of the FDCPA by falsely representing the legal status of any debt, when Defendant threatened to garnish Plaintiff's wages if Plaintiff did not pay the alleged debt, and when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations;

f. Defendant violated §1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken, when Defendant threatened to garnish Plaintiff's wages if Plaintiff did not pay the alleged debt.

g. Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means in connection with the collection the alleged debt, when Defendant threatened to garnish Plaintiff's wages if Plaintiff did not pay the alleged debt, and when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations; and

h. Defendant violated §1692(f) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant contacted Plaintiff's parents and disclosed information regarding the debt after speaking with Plaintiff, when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations.

WHEREFORE, Plaintiffs, JOE AND TONYA FOWLER, respectfully requests judgment

be entered against Defendants, MNS & ASSOCIATES, LLC, a New York limited liability company; and MICHAEL SHAW, JR., individually, for the following:

37. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

38. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

39. Any other relief that this Honorable Court deems appropriate.

                          RESPECTFULLY SUBMITTED,

September 22, 2015           By: /s/Shireen Hormozdi
                                    Shireen Hormozdi
                                    Hormozdi Law Firm, LLC
                                    1770 Indian Trail Lilburn Road, Suite 175
                                    Norcross, GA 30093
                                    Tel: 678-395-7795
                                    Fax: 866-929-2434
                                    E-mail: shireen@norcrosslawfirm.com
                                    Attorney for Plaintiff